**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **SCOT McCASKILL,** | ) | |
| | ) | |
| Appellant/Debtor, | ) | |
| | ) | |
| vs. | ) | No. 4:06CV1337-DJS |
| | ) | |
| **FIRST FRANKLIN FINANCIAL** | ) | |
| **CORPORATION and SAXON MORTGAGE** | ) | Case No. 05-52160-293 |
| **SERVICES, INC.,** | ) | Chapter 7 |
| | ) | Adv. No. 05-4340-399 |
| Appellees/Defendants. | ) | |

<u>**MEMORANDUM OPINION**</u>

Scot McCaskill, the appellant herein and debtor in bankruptcy, appeals from the May 25, 2006 order of the bankruptcy judge in an adversary proceeding, partially granting and partially denying the joint motion of appellees/defendants First Franklin Financial Corporation and Saxon Mortgage Services, Inc., who sought foreclosure on McCaskill's mortgage. The issue on appeal is the bankruptcy judge's determination that McCaskill's claims under the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.* ("RESPA"), Counts IV and VI of his adversary complaint, are barred by the one-year statute of limitations found at 15 U.S.C. §1640(e)

and 12 U.S.C. §2614.[1]  The parties agree that the standard of review on appeal is *de novo*.

McCaskill contends that defendants waived the affirmative defense of statute of limitations by failing to plead it in their answers to his adversary complaint.  Without any express reference to statute of limitations, the answers plead more generally the adversary complaint's failure to state a claim upon which relief could be granted.  Defendants later filed a joint motion for judgment on the pleadings raising the statute of limitations issue, which the bankruptcy judge granted.  Defendants contend that the statutes of limitations in TILA (15 U.S.C. §1640(e)) and RESPA (12 U.S.C. §2614) are jurisdictional and not subject to waiver.

In Sanders v. Department of the Army, 981 F.2d 990 (8th Cir. 1992), the Eighth Circuit found that it was "arguable that the failure to state a claim defense in the government's answer preserved the [statute of] limitations defense."  Id. at 991.  In any event, the Court of Appeals held that the district court had the discretion to grant the government leave to amend its answer to assert the omitted defense when, two months later, it moved to dismiss the petition as time-barred.  Id.  Similarly here, defendants filed their motion for judgment on the pleadings asserting the limitations issue within two months of the filing of

---

[1] McCaskill's remaining claims were later dismissed with prejudice on August 16, 2006 on the motion of the appellees to dismiss and for sanctions, to which McCaskill failed to respond.

their answers, which contained failure to state a claim defenses. As the Eighth Circuit found in Sanders, the filing of the motion expressly raising the issue provided appellant sufficient notice, and the trial court need not engage in the "meaningless formality of an amended answer." Id.

Appellant McCaskill cites Myers v. John Deere, Ltd., 683 F.2d 270, 273 (8th Cir. 1982), in which the Eighth Circuit did not allow a statute of limitations defense to be raised for the first time on appeal. That the Court of Appeals found and enforced a waiver of the defense at that late stage is not necessarily pertinent and applicable to the circumstances presented here. Appellant also cites Clark v. Martinez, 295 F.3d 809 (8th Cir. 2002). Although Clark recognizes the possibility of waiving an affirmative defense not pled, it finds that the trial court did not abuse its discretion in permitting the pleadings to be deemed amended to conform to the evidence of self-defense presented at trial. Id. at 815. In the instant case, the constructive amendment of defendants' pleadings can be presumed to have been allowed upon defendants' filing of the motion for judgment on the pleadings, was permissible, and gives rise to no basis for reversal of the bankruptcy court's determination on the limitations issue.

A recent decision of the Eighth Circuit bolsters this approach. In First Union National Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 2007 WL 136043 (8th Cir. Jan. 22, 2007), the court acknowledges that by virtue of Fed.R.Civ.P. 8(c), a

3

failure to plead an affirmative defense generally results in a waiver of that defense. Id. at *4. Nonetheless, because the Supreme Court itself has indicated that the purpose of Rule 8(c)'s pleading requirement is to preserve notice of defenses for the opposing party and an opportunity to rebut the same, the Court of Appeals has, "eschewed a literal interpretation of the Rule that places form over substance." Id. Instead, the Eighth Circuit has "held that "[w]hen an affirmative defense 'is raised in the trial court in a manner that does not result in unfair surprise,...technical failure to comply with Rule 8(c) is not fatal.'" Id., *citing* Financial Timing Publ'ns, Inc. v. Compugraphic Corp., 893 F.2d 936, 944 n.9 (8th Cir. 1990) (*quoting* Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855 (5th Cir. 1983). As the Eighth Circuit does in First Union, this Court finds no unfair surprise or prejudice by inclusion of the limitations defense in the joint motion for judgment on the pleadings, and construes that assertion of the defense as constructively amending defendants' pleadings. Id. at *5.

Some cases recognize a distinction between jurisdictional and procedural statutes of limitation, finding that the former are not subject to equitable tolling and must be strictly construed. See, e.g., Ellis v. General Motors Acceptance Corporation, 160 F.3d 703, 706 (11th Cir. 1998); Hardin v. City Title & Escrow Company, 797 F.2d 1037, 1041 (D.C.Cir. 1986). If as defendants contend, the

4

TILA and RESPA limitations periods are jurisdictional, no waiver occurred.  This Court determines that, even if those limitations periods were merely procedural and potentially waived, the statute of limitations was preserved and/or timely asserted by constructive amendment, and not waived.  The bankruptcy court did not err in granting the joint motion for judgment on the pleadings and ruling adversely to McCaskill on the TILA and RESPA claims asserted in Counts IV and VI of his adversary complaint.

Defendants/appellees argue that McCaskill has waived appellate review of issues other than the dismissal of Counts IV and VI on statute of limitations grounds.  In the Court's view, McCaskill has made no attempt to raise such issues on appeal, having confined his notice of appeal and his statement of issues on appeal to the dismissal of Counts IV and VI.  In these circumstances, this Court need not and will not address the other issues enumerated by defendants, upon which no determination by this Court is appropriate.

A judgment consistent with this memorandum opinion is entered herein this day.

Dated this ___12th___ day of April, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE